UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DRAPER, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 1:10-cv-01443 SEB-TAB |
| vs. ) | |
| ) | **Jury Demand** |
| MECHOSHADE SYSTEMS, INC., ) | |
| JOEL BERMAN ASSOCIATES, INC., ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFF'S BRIEF IN SUPPORT OF ITS
MOTION FOR JURISDICTIONAL DISCOVERY**

As a result of Defendants raising personal jurisdiction and improper venue as bases for this court to dismiss the above-captioned case, Counsel for Plaintiff Draper, Inc. ("Draper") asked Defendants for limited discovery on these jurisdictional issues. After multiple failed attempts to negotiate with Defendants' counsel regarding this limited jurisdictional discovery, Draper files the present motion.

**I.     BACKGROUND**

On December 30, 2010, Defendants filed their Motion to Dismiss, or in the Alternative, to Transfer to the United States District Court for the District of Arizona (ECF No. 22). They then filed a Motion to Amend, and attached a new version of their Motion to Dismiss or Transfer (ECF No. 26, Exhibit A) ("Motion to Dismiss or Transfer").[1]

In their Motion to Dismiss or Transfer, Defendants argued that this Court lacks personal jurisdiction over both MechoShade and co-defendant Joel Berman Associates, Inc.

---

[1] The Court deemed the amended version filed as of January 7, 2011. *See* ECF No. 28. Draper will refer to, and cite, the amended version, which was attached as Exhibit A to the Motion to Amend, as ECF No. 26.

("JBA")[2], and that the Southern District of Indiana is not a proper venue. *See* ECF No. 26, Ex. A, at pp. 4-11. With regard to jurisdiction, Defendants argued that this Court does not have general or specific jurisdiction over MechoShade. *See id.* at pp. 4-9. Defendants were so adamant in their general jurisdiction contention that they did not provide any explanation other than: "Draper cannot seriously contend that general jurisdiction exists" because "MechoShade has no actual physical presence or license to do business in [Indiana]…."[3] *See id.* at p. 5. However, a simple Google® search reveals that MechoShade conducts substantial business in Indiana—attached hereto as Exhibit 1 to the Declaration of Andrew McCoy (hereinafter "McCoy Decl.") is a screenshot from the website of one of MechoShade's several Indiana dealers—C. Ed Mullins located in Whiteland, Indiana—highlighting the numerous and quite substantial projects throughout Indianapolis and Indiana using MechoShade's products. Nowhere in their Motion to Dismiss or Transfer, or the accompanying declarations, do Defendants disclose or even mention sales of, or uses of their products, in Indiana. Instead of actually disclosing their sales (or any other relevant contacts with Indiana), Defendants rely on a thirteen page long declaration from Joel Berman to support their jurisdiction and venue arguments; they did not include with his declaration, or otherwise provide, any documents to support their arguments.

Draper's attorneys asked Defendants' counsel, Sid Leach, if Defendants would agree to preliminary discovery (including written discovery and at least one deposition) on the limited issues of personal jurisdiction and venue. *See* McCoy Decl. ¶ 2. Draper's counsel sent

---

[2] At the time of filing this case, the United States Patent and Trademark Office ("PTO") records showed JBA as the assignee of the patent-at-issue. On January 18, 2011, Defendants provided assignment documents showing that JBA assigned the patent-at-issue to MechoShade. Based on these documents and Defendants' representations about the assignment, Draper will work with Defendants to dismiss JBA from the case.

[3] Draper believes that, despite filing an amended brief, MechoShade mistakenly said "do business in Colorado," *see* Ex. A at p. 5, and thus Draper inserted Indiana into the above quote.

drafts of the proposed discovery requests to Defendants' counsel on January 12, 2011.[4]  *See* McCoy Decl. ¶ 2.  After multiple phone calls between the parties' attorneys, Defendants did not agree to respond to any of Draper's draft discovery requests.  *See* McCoy Decl. ¶ 2.

## II. ARGUMENT

"It is well established that a federal district court has the power to require a defendant to respond to discovery requests relevant to his or her motion to dismiss for lack of personal jurisdiction." *Anderson v. Sportmart, Inc.*, 179 F.R.D. 236, 241 (N.D. Ind. 1998) (quoting *Ellis v. Fortune Seas, Ltd.*, 175 F.R.D. 308, 311 (S.D. Ind. 1997) (citing *Ins. Corp. of Ir., Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694 (1982))).  "In fact, a district court risks abusing its discretion by not allowing some limited discovery into the personal jurisdiction issue." *Anderson*, 179 F.R.D. at 241 (citation omitted); *accord Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 456 (3d Cir. 2003) ("courts are to assist the plaintiff by allowing jurisdictional discovery unless the plaintiff's claim is 'clearly frivolous.'") (internal citation omitted).  The rationale behind this rule is supported by the design of the Federal Rules of Civil Procedure and the fact that Rule 26 permits "liberal discovery of all facts which are relevant and not privileged . . . ." *Anderson*, 179 F.R.D. at 241.  Furthermore, the Supreme Court has recognized that refusal to comply with jurisdictional discovery can result in a court finding that personal jurisdiction exists.  *See Ins. Corp. of Ir.*, 456 U.S. at 706-09; *see also Anderson*, 179 F.R.D. at 241 n.4.

Once Plaintiff makes a prima facie showing with competent evidence that personal jurisdiction might exist, discovery should be permitted.  *See Central States, Se. & Sw. Areas Pension Fund v. Reimer Express World Corp.*, 230 F.3d 934, 946 (7th Cir. 2000); *see also*

---

[4] Copies of Draper's discovery are attached hereto.  *See* McCoy Decl., ¶¶ 4-6 , Ex. 2 (Interrogatories), Ex. 3 (Requests for Production), and Ex. 4 (30(b)(6) notice).  These discovery requests are slightly modified versions of those sent to Defendants' counsel in view of certain objections raised by Defendants' counsel.

3

*Anderson*, 179 F.R.D. at 241.  "For example, a plaintiff is entitled to jurisdictional discovery if he or she can show that the factual record is at least ambiguous or unclear on the jurisdiction issue."  *Anderson*, 179 F.R.D. at 241-42 (citations omitted).  "This standard is quite low, but a plaintiff's discovery request will nevertheless be denied if it is only based upon bare, attenuated, or unsupported assertions of personal jurisdiction, or when a plaintiff's claim appears to be clearly frivolous."  *Id.* at 242 (internal quotation marks omitted) (citations omitted).

Draper's jurisdiction assertions, even without obtaining evidence from Defendants in their Motion to Dismiss or Transfer, are not attenuated or unsupported.  By comparison, Defendants' failure to mention or provide documentation as to their contacts with Indiana, their sales in Indiana, or their licensing or enforcement efforts, creates ambiguity as to this Court's jurisdiction.  For instance, with regard to general jurisdiction, a simple internet search reveals evidence that MechoShade likely has continuous and systematic contacts with Indiana through sales of its products to Indiana companies and use of the same in substantial projects throughout Indianapolis and the State.  Indeed, at least one of MechoShade's dealers (of what is believed to be several dealers) has used MechoShade's products in private and public buildings throughout Indiana, including: (1) the IUPUI Medical Sciences building; (2) the Marion County Public Library; (3) the Columbus Learning Center; (4) the IU Simon Center; (5) Conseco Fieldhouse; (6) the Crowe Chizek building in South Bend; (7) the Indiana Forensics & Health Lab; (8) DePauw University; and (9) the Phi Delta Theta fraternity house at Wabash College.  *See* McCoy Decl. ¶ 3, Ex. 1.  While this is a good starting point for proving general jurisdiction, Draper's discovery requests, copies of which are attached to the McCoy Decl. as Exhibits 2-4, are narrowly tailored to discover any other relevant evidence on this issue.  Additionally, with regard to specific jurisdiction, Defendants' failure to discuss their sales, licensing, or enforcement

efforts also creates ambiguity and confusion with respect to this Court's jurisdiction.[5] Again, while Draper has been able to garner some information from simple internet searches, its jurisdictional discovery requests will capture any other relevant evidence.

Moreover, Draper's discovery requests are not frivolous or burdensome. Defendants raised the issues of general jurisdiction, specific jurisdiction, and venue, but only provided a thirteen page declaration from Joel Berman to support these arguments; they did not include any supporting documentation. By raising these issues, Defendants have opened the door to discovery on the same, and Draper's requests are limited to these specific jurisdictional issues. The fact that Defendants are attempting to argue these issues without including supporting evidence provides further support for granting Draper's request.

Should the Court grant Draper's request, Draper proposes the following discovery schedule (this schedule is similar to the one adopted on April 3, 2009 in *Eli Lilly & Co. v. Invagen Pharms., Inc.*, No. 1:09-cv-00087-WTL-TAB, ECF. No. 41):

| Action | Date |
| --- | --- |
| Draper serves its initial Jurisdictional Discovery Requests (interrogatories and document requests) by | Within 3 days of the Court's order on this motion. |
| Defendants serve written responses and objections to Draper's interrogatories and document requests by | Two weeks after the initial service by Draper. |
| Defendants, subject to their objections, will produce documents pursuant to Draper's document requests on a rolling basis and will complete production by | Three weeks after the initial service by Draper. |
| Jurisdictional Discovery, including any from third parties, will close unless a motion to compel is pending | Six weeks after the initial service by Draper. |
| Draper's Opposition to Defendants' Motion to Dismiss or Transfer, unless a motion to compel is pending | Due two weeks after the close of Jurisdictional Discovery |

---

[5] *See, e.g.*, *Breckenridge Pharm., Inc. v. Metabolite Labs., Inc.*, 444 F.3d 1356, 1366 (Fed. Cir.), *reh'g and reh'g en banc denied* (May 30, 2006) (noting that patentee's licensing and other enforcement activities, as well as activities of its licensees "or licensee equivalents" is relevant to specific jurisdiction).

5

| Defendants' Reply to Draper's Opposition to Defendants' Motion to Dismiss or Transfer | Due no later than seven (7) days after Draper serves its Opposition |
|---|---|

In addition, Draper requests the following depositions:

1. Draper will be allowed to take one (1) deposition, pursuant to Fed. R. Civ. P. 30(b)(6), which will occur within ten (10) days after Defendants have responded to the interrogatories and document requests, and Defendants have completed their production of documents, and

2. Draper will be allowed to conduct up to two (2) personal depositions of Defendants' employees or agents, or any dealers, distributors, or licensees even if not viewed as agents of either Defendant MechoShade or JBA, after the 30(b)(6) deposition is complete.

### III.   CONCLUSION

For the foregoing reasons, Draper respectfully requests the Court GRANT its motion for jurisdictional discovery, and enter an order adopting the proposed schedule.

Respectfully submitted,

 /s/ Andrew M. McCoy
R. Trevor Carter
Indiana Bar No. 18562-49
Andrew M. McCoy
Indiana Bar No. 28297-49

BAKER & DANIELS LLP
300 North Meridian Street, Suite 2700
Indianapolis, Indiana  46204
Telephone:  (317) 237-0300
Facsimile:   (317) 237-1000
E-mail:  trevor.carter@bakerd.com
            andrew.mccoy@bakerd.com

*Attorneys for Plaintiff, Draper, Inc.*

6

7

## CERTIFICATE OF SERVICE

       The undersigned hereby certifies that on January 19, 2011, a copy of *Plaintiff's Brief in Support of Its Motion for Jurisdictional Discovery* was filed electronically. Notice of this filing will be sent to counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                                  */s/   Andrew M. McCoy*

BDDB01 6502951v1