UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| DRAPER, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 1:10-cv-01443-SEB-TAB |
| | ) | |
| MECHOSHADE SYSTEMS, INC., | ) | |
| JOEL BERMAN ASSOCIATES, INC., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER GRANTING PLAINTIFF'S MOTION FOR JURISDICTIONAL DISCOVERY**

**I.     Introduction**

Plaintiff Draper, Inc. filed this action seeking a declaration that it has not infringed Defendant MechoShade Systems's patent (U.S. Patent No. 6,164,428) or trade dress rights.[1] [Docket No. 1.] Draper is a co-plaintiff in a similar pending District of Colorado action involving a separate MechoShade patent (U.S. Patent No. 7,417,397). Both actions were brought on November 10, 2010. [Docket Nos. 1, 17-3.] On November 12, 2010, MechoShade filed a complaint for patent infringement in the District of Arizona. [Docket No. 17-4.] MechoShade's Arizona complaint attempts to consolidate the Indiana and Colorado actions by concurrently alleging infringement of its '428 and '397 patents.

---

[1]Draper's motion to dismiss Defendant Joel Berman Associates, Inc. remains pending. Joel Berman Associates no longer has rights in the '428 patent, which it assigned to MechoShade.

1

MechoShade moved to dismiss Draper's Indiana and Colorado actions for lack of jurisdiction, and Draper requested jurisdictional discovery in this district. [Docket No. 31.] Draper contends that limited jurisdictional discovery is appropriate because it has made a prima facie showing of personal jurisdiction. MechoShade does not refute that Draper has established a prima facie case for personal jurisdiction. Rather, MechoShade argues that Draper's proposed discovery is unduly burdensome because it is duplicative and unlikely to establish general or specific personal jurisdiction. For the reasons given below, the Court grants Draper's motion for jurisdictional discovery.

**II. Discussion**

When a defendant requests a dismissal for lack of personal jurisdiction, it submits itself to the jurisdiction and power of the court for the limited purpose of deciding the jurisdictional issue: "It is well established that a federal district court has the power to require a defendant to respond to discovery requests relevant to his or her motion to dismiss for lack of personal jurisdiction." *Ellis v. Fortune Seas, Ltd.*, 175 F.R.D. 308, 311 (S.D. Ind. 1997) (citing *Ins. Corp. of Ir., Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694 (1982)). This rule is consistent with Federal Rule of Civil Procedure 26, which permits liberal discovery of all relevant, non-privileged facts.

While courts have the power to grant jurisdictional discovery, a motion to dismiss for lack of personal jurisdiction does not automatically trigger a right to jurisdictional discovery. To hold otherwise would undermine the purpose of personal jurisdiction. *Id*. ("Using their power to control discovery, courts should ensure that litigation of the jurisdictional issue does not undermine the purposes of personal jurisdiction law in the first place."). A court should permit

jurisdictional discovery only when a plaintiff establishes a colorable or prima facie showing of personal jurisdiction. *Cent. States, Se. & Sw. Areas Pension Fund v. Reimer Express World Corp.*, 230 F.3d 934, 946 (7th Cir. 2000). For instance, jurisdictional discovery is appropriate when "the factual record is ambiguous or unclear on the jurisdictional issue." *Anderson v. Sportmart, Inc.,* 179 F.R.D. 236, 241 (N.D. Ind. 1998). Although the standard is low, a court should deny jurisdictional discovery when a plaintiff's request "is only based upon bare, attenuated, or unsupported assertions of personal jurisdiction, or when a plaintiff's claim appears to be clearly frivolous." *Id*. at 242.

Draper's jurisdictional showing is based on MechoShade's Indiana sales and enforcement efforts. The volume of a defendant's sales in a forum state is a relevant consideration for a court's general jurisdiction analysis. *Eli Lilly & Co. v. Mayne Pharm. Inc.*, 504 F. Supp. 2d 387, 394 (S.D. Ind. 2007). Furthermore, "the presence of a wholesaler 'middleman' does not insulate [a defendant] from its having purposefully availed itself of the forum state by generating millions of dollars worth of commercial activity in Indiana through its sales efforts." *Id*. When a defendant's extra-judicial enforcement efforts directed at the forum state "go beyond merely informing others of its patent rights and its intention to enforce those rights through litigation," such efforts are a relevant consideration for a court's specific jurisdiction analysis. *Campbell Pet Co. v. Miale*, 542 F.3d 879, 886 (Fed. Cir. 2008).

Draper presents evidence supporting its jurisdictional arguments. MechoShade products can be found throughout Indiana, [Docket No. 32-2], and one Indiana dealer appears to have been distributing MechoShade products for at least ten years. [Docket No. 32-1.] Additionally, MechoShade has attempted to enforce its patent rights against Draper's customers through bid

3

protests. [Docket No. 22-1.] Draper has demonstrated that the factual record is unclear on the issue of personal jurisdiction. MechoShade has not shown, and the Court does not find, that Draper's request for jurisdictional discovery is either frivolous or unsupported. Therefore, the Court will grant Draper's motion for jurisdictional discovery.

Draper submitted proposed interrogatories, requests for production, and 30(b)(6) deposition topics. MechoShade objects that the proposed discovery is unduly burdensome because Draper's proposed definitions are overbroad and MechoShade should not have to respond to jurisdictional discovery in two districts. The Court rejected MechoShade's latter objection in denying MechoShade's motion to stay. [Docket No. 50.] As to the former objection, MechoShade's definition concerns are based on an outdated draft of Draper's proposed discovery requests. As noted in Draper's reply brief, MechoShade's concerns are substantially alleviated by Draper's most current proposed discovery definitions. [Docket Nos. 32-3, 32-4, 32-5]. However, MechoShade's general arguments as to scope are well taken. Draper may not conduct any discovery related to the '397 patent, the Colorado litigation, or the Arizona litigation. The Court adopts Draper's proposed discovery schedule set out below.

## III. Conclusion

Draper's motion for jurisdictional discovery [Docket No. 31] is granted consistent with this order. Jurisdictional discovery and briefing on MechoShade's motion to dismiss shall proceed according to the following schedule:

| Action | Date |
| --- | --- |
| Draper serves its initial jurisdictional discovery requests (interrogatories and document requests) within | Three days of this order. |

| Defendants serve written responses and objections to Draper's interrogatories and document requests by | Two weeks after the initial service by Draper. |
|---|---|
| Defendants, subject to their objections, will produce documents pursuant to Draper's document requests on a rolling basis and will complete discovery by | Three weeks after the initial service by Draper. |
| Jurisdictional discovery, including any from third parties, will close unless a motion to compel is pending[2] | Six weeks after the initial service by Draper. |
| Draper's opposition to Defendants' motion to dismiss or transfer, unless a motion to compel is pending, is due | Two weeks after the close of Jurisdictional Discovery. |
| Defendants' reply is due | Seven days after Draper serves its opposition. |

Draper may conduct one Rule 30(b)(6) deposition of MechoShade, to be scheduled within ten days following service of Defendants' responses to Draper's interrogatories and document requests, or following service of Defendants' final document production, whichever is later. Draper may conduct no more than two depositions of Defendants' employees or agents, or any dealers, distributors, or licensees, to be scheduled within seven days of completion of any Rule 30(b)(6) deposition of Defendants.

Dated: 03/31/2011

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

---

[2]The Court expects the parties will avoid any motions to compel, and pursuant to Local Rule 37.1(a), counsel are encouraged to contact the Magistrate Judge in an attempt to resolve any such dispute before filing any motion to compel if such disputes are unavoidable.

Copies to:

R. Trevor Carter
BAKER & DANIELS LLP
trevor.carter@bakerd.com

Andrew M. McCoy
BAKER & DANIELS LLP
andrew.mccoy@bakerd.com

Jonathan G. Polak
TAFT STETTINIUS & HOLLISTER LLP
jpolak@taftlaw.com

Sid Leach
SNELL & WILMER, LLP
sleach@swlaw.com