UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DRAPER, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | 1:10-cv-1443- SEB-DKL |
| vs. ) | |
| ) | |
| MECHOSHADE SYSTEMS, INC., ) | |
| ) | |
| Defendant. ) | |

**ORDER DENYING ATTORNEYS' FEES AND COSTS**
(Docket Nos. 96 & 97)

On March 12, 2012, we ruled that we could not consider Plaintiff Draper's claims against Defendant MechoShade because we lacked personal jurisdiction over MechoShade and, accordingly, granted MechoShade's motion to dismiss. Our dismissal was without prejudice in order to allow Plaintiff Draper to refill its claims as companion litigation to a case pending in Arizona. Shortly thereafter, Defendant MechoShade moved for an award of costs and attorneys' fees. That motion is now before us.

Defendant MechoShade argues that because we granted its motion to dismiss, it is the "prevailing party" in this case and entitled to an award of costs under 28 U.S.C. § 1920 in the amount of $4,238.65. It also argues that because Plaintiff Draper engaged in a whole host of litigation misconduct and continued to pursue this litigation in this forum even after it became "objectively clear" that this Court did not have personal jurisdiction over MechoShade, we should recognize this case as an "exceptional" case under 35 U.S.C. § 285 and award MechoShade attorneys' fees in the amount of $304,209.75 together with pre- and post-judgment interest accruing

at the interest rate of 10% compounded monthly.[1]

No surprise, Plaintiff Draper objects. It vigorously disputes all of MechoShade's accusations, responding that it pursued this litigation honestly and in good faith and that MechoShade's charges against it are rather disingenuous given MechoShade's own conduct in both this case and related cases filed in Colorado and Arizona.

The parties' briefings on this matter are quite contentious and encompass more than 250 pages of materials filed with the Court. However, the issues before us do not require a lengthy ruling.

First, MechoShade is not a "prevailing party." Certainly, it prevailed on its motion to dismiss. However, to be a "prevailing party" for purposes of the two statutes at issue, one must receive at least some relief on the merits that alters the legal relationship of the parties. See Buckhannon Bd. & Care Home, Inc. v. West Virginia Dept. of Health & Human Resources, 532 U.S. 598, 603-06 (2001); Zessar v. Keith, 536 F.3d 788, 796 (7th Cir. 2008); Citizens for a Better Environment v. The Steel Co., 230 F.3d 923, 930-31 (7th Cir. 2000); Medichem, S.AQ. v. Rolabo, L.L., 353 F.3d 928, 936 (Fed. Cir. 2003); and Catalina Marketing International, Inc. v. Coolsavings.com, Inc., No. 00-C-2447, 2004 WL 421739 at *2 (N.D. Ill. 2004). In granting MechoShade's motion to dismiss, we did not rule on the merits of Draper's claims, we ruled only that we did not have personal jurisdiction over MechoShade to consider those claims here. Our ruling did not change the legal relationship of the parties. Our ruling was only that the parties could not litigate their dispute in this Court.

---

[1] 35 U.S.C. § 285 provides, "The court in exceptional cases may award reasonable attorney fees to the prevailing party."

Second, even if MechoShade had been the "prevailing party" in this case, we still would not award it attorneys' fees because we do not find this case to be an "exceptional" case under 35 U.S.C. § 285. Although MechoShade has made sweeping accusations about Draper's misconduct in this litigation, during the sixteen months that this case was pending before us, we never formed the impression that Draper was pursuing this litigation vexatiously, without grounds to do so, or in bad faith, and we decline to review the entire record now for the purpose of second guessing our own impressions of Draper's conduct just because MechoShade has urged that we do so. We note that MechoShade accuses Draper of failing to bring controlling precedent to this Court's attention and argues that it continued to vigorously pursue this litigation even after the U.S. Supreme Court ruled in <u>Goodyear Dunlop tires Operations, S.A. v. Brown</u>, 131 S.Ct. 2846 (2011). However, MechoShade itself did not promptly bring the <u>Goodyear</u> case to the Court's attention in its own filings.

We find no basis upon which to grant MechoShade's request for costs and attorneys fees. Its request is, therefore, DENIED.

IT IS SO ORDERED.

Date:   09/30/2013

*[signature: Sarah Evans Barker]*

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Copies to:

Electronically registered counsel of record via ECF